IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON DIVISION

**DR. HABIBA CHIRCHIR**, on behalf of herself
and a similarly situated class of persons,

    *Plaintiff*,

v.                                       Case No. 3:20-cv-00416

**GENWORTH MORTGAGE INSURANCE CORPORATION**; **GENWORTH MORTGAGE INSURANCE CORPORATION OF NORTH CAROLINA;** and **CITIZENS BANK, N.A.** d/b/a Citizens One Home Loans,

    *Defendants*.

## CLASS ACTION COMPLAINT

*Introduction*

This matter dictates the application of a pair of federal consumer protection enactments: the Homeowners Protection Act of 1998, 12 U.S.C. § 4901 *et seq.* ("HPA"), and the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq.* ("RESPA"). The HPA regulates private mortgage insurance ("PMI"), providing in pertinent part that "[n]ot later than 30 days after notification by the [mortgage loan] servicer of termination or cancellation of" the PMI covering the loan, the mortgage insurer must transfer or retransfer to the servicer "any unearned premiums" in its possession. 12 U.S.C. § 4902(f)(2). In turn, "[n]ot later than 45 days after the termination or cancellation," the servicer must return those unearned PMI premiums to the borrower. *Id.* § 4902(f)(1). Similarly, the servicer is bound under RESPA to return to the borrower from the mortgage escrow account "[a]ny balance . . . that is within the servicer's control at the time the loan is paid off." 12 U.S.C. § 2605(g).

This matter also arises under the West Virginia Consumer Credit and Protection Act, West Virginia Code § 46A-1-101, *et seq.* ("WVCCPA"). With respect to PMI, the WVCCPA recognizes that creditors may obtain "insurance on the life and earning capacity of any consumer obligated on the consumer credit sale or consumer loan." W. VA. CODE § 46A-3-109(b). When a consumer loan "is paid in full, the creditor receiving the payment shall inform the debtor of the cancellation of any consumer credit insurance providing life . . . or loss of income coverage and advise the debtor of the application of any unearned premiums to the loan balance." *Id.* § 46A-3-109(b)(6).

*Parties*

1.  Plaintiff Dr. Habiba Chirchir is a resident of Huntington, West Virginia.

2.  Defendant Genworth Mortgage Insurance Corporation is a North Carolina corporation with its principal place of business in Raleigh, North Carolina.

3.  Defendant Genworth Mortgage Insurance Corporation of North Carolina is a North Carolina corporation with its principal place of business in Raleigh, North Carolina. Genworth Mortgage Insurance Corporation of North Carolina, together with Genworth Mortgage Insurance Corporation, are referred to hereinafter as "Genworth."

4.  Defendant Citizens Bank N.A., d/b/a Citizens One Home Loans ("Citizens") is a national banking association headquartered in Providence, Rhode Island. Citizens operates in more than a dozen states, principally in the northeast.

*Jurisdiction and Venue*

5.  Federal question jurisdiction lies in this Court as to the HPA and RESPA claims, in accordance with 28 U.S.C. § 1331, insofar as those claims arise under the laws of the United States.

6. This Court has supplemental jurisdiction over the WVCCPA claims pursuant to 28 U.S.C. § 1367(a), as those state-law claims are so related to the federal claims within the Court's original jurisdiction that they form part of the same case or controversy.

*Facts*

7. On July 1, 2016, Dr. Chirchir took out a home loan with United Bank, Inc., the terms of which required her to pay a PMI premium of $50.51 each calendar month, together with her regular mortgage obligation. United Bank transferred the mortgage loan and servicing rights to Franklin American Mortgage Company on July 14, 2016.

8. As servicer, Franklin American placed the PMI payments in escrow for distribution to Genworth, the insurer, as those premiums became due.

9. Franklin American transferred the loan to Fannie Mae, effective July 27, 2016, retaining the servicing rights.

10. Effective May 1, 2019, Franklin American transferred the servicing rights to Citizens.

11. On June 18, 2019, Dr. Chirchir paid off the mortgage loan in its entirety.

12. Citizens remitted Dr. Chirchir a check for the escrow balance, the documentation of which reflected that a $50.51 deduction had been made *after* the payoff, on June 19, 2019, to pay Genworth for the June PMI premium. On inquiry of Citizens, Dr. Chirchir was informed that the entire monthly premium was owed and no refund was due.

*Class Allegations*

13. Dr. Chirchir brings this action on her own behalf and on behalf of all other similarly situated persons in the United States, in accordance with Rule 23 of the Federal Rules of Civil Procedure. The class is defined at present as:

> All mortgage loan borrowers in the United States from whom Genworth collected premiums for private mortgage insurance but, within the applicable limitations period preceding the filing of this action through the date of class certification, failed to transfer or retransfer the unearned portion of those premiums to the loan servicer following termination or cancellation of the loan.

14. Dr. Chirchir also brings this action on behalf of a subclass of all other similarly situated West Virginia residents. The subclass is defined at present as:

> All mortgage loan borrowers in West Virginia from whom Genworth collected claims for private mortgage insurance but, within the applicable limitations period preceding the filing of this action through the date of subclass certification, failed to refund the unearned portion of those premiums following termination or cancellation of the loan.

15. The class and subclass are each so numerous that joinder of all members is impracticable.

16. There are questions of law and fact common to all members of the class and to all members of the subclass.

17. Dr. Chirchir's claims are typical of those of the class and of the subclass as a whole.

18. Dr. Chirchir has displayed an interest in vindicating the rights of class and subclass members; she will fairly and adequately protect and represent the interest of the class and the subclass; and she is represented by skillful and knowledgeable counsel. The relief Dr. Chirchir seeks will inure to the benefit of the class and the subclass generally.

19. The common questions of law and fact predominate over individual questions, and the class action device is superior to other available methods in achieving the fair and efficient adjudication of the controversy.

### COUNT I — VIOLATION OF THE HOMEOWNERS PROTECTION ACT
*Individual and Class Claims*
(against Genworth Defendants only)

20.     Dr. Chirchir incorporates the allegations of Paragraphs 1–19, *supra*, as if fully set forth herein.

21.     Genworth is a "mortgage insurer" as defined by the HPA, *see* 12 U.S.C. § 4901(9), and therefore subject to regulation under that statute.

22.     Dr. Chirchir's mortgage loan with Fannie Mae was terminated or canceled on June 18, 2019, when the entire loan balance was paid off.

23.     Genworth collected the entire $50.51 PMI premium for June, notwithstanding that it was entitled to only a prorated premium of $30.31, as coverage was in effect for just eighteen of the month's thirty days.

24.     Genworth did not transfer or retransfer to Citizens the unearned PMI premium of $20.20 within thirty days of being notified of the loan's termination or cancellation, in violation of 12 U.S.C. § 4902(f)(2).

25.     Consequently, Dr. Chirchir must recover from Genworth her actual damages plus interest, *see* 12 U.S.C. § 4907(a)(1), a statutory penalty of up to $1,000, *see id.* § 4907(a)(2)(B)(ii), together with her costs of this action and her reasonable attorney fees, *see id.* § 4907(a)(3), -(a)(4).

### COUNT II — VIOLATION OF RESPA
*Individual and Class Claim*
(against Defendant Citizens only)

26.     Dr. Chirchir incorporates the allegations of Paragraphs 1-25, *supra*, as if fully set forth herein.

27.     Citizens is a "servicer" as defined by RESPA, *see* 12 U.S.C. § 2605(i)(2), and therefore subject to regulation under that statute.

28. The unearned PMI premium of $20.20 was within the exclusive control of Citizens on June 18 2019, when Dr. Chirchir's mortgage loan was paid off in its entirety.

29. Nonetheless, Citizens remitted the unearned premium to Genworth the following day, on June 19, 2019, lumped together with the earned portion, in violation of 12 U.S.C. § 2605(g).

30. Consequently, Dr. Chirchir must recover from Citizens her actual damages, *see* 12 U.S.C. § 2605(f)(1)(A), a statutory penalty of up to $2,000 to the extent that Citizens has engaged in a pattern or practice of noncompliance with the requirements imposed by RESPA, *see id.* § 2605(f)(1)(B), together with her costs of this action and her reasonable attorney fees, *see id.* § 2605(f)(3).

**COUNT III — VIOLATIONS OF THE WVCCPA – ABUSIVE ACTS OR PRACTICES**
*Individual and Subclass Claims*
(against all Defendants)

31. Dr. Chirchir incorporates the allegations of Paragraphs 1-30, *supra*, as if fully set forth herein.

32. Defendants each failed "to refund any unused insurance premium or provide the proper notification of payoff," and are therefore "liable for civil damages up to three times the amount of the unused premium." W. VA. CODE § 46A-3-109(b)(8).

33. Defendants, by misrepresenting to Dr. Chirchir that Genworth's claim to the unearned PMI premium was valid, have each violated the WVCCPA's prohibition against debt collectors using "any fraudulent, deceptive or misleading representation or means to collect or attempt to collect claims or to obtain information concerning consumers," W. VA. CODE § 46A-2-127, including without limitation making "[a]ny false representation or implication of the character, extent or amount of a claim against a consumer," *id.* § 46A-2-127(d).

34. Defendants' misrepresentations also contravened the WVCCPA's proscription that "[n]o debt collector may use unfair or unconscionable means to collect or attempt to collect any claim." W. VA. CODE § 46A-2-128.

35. Consequently, Dr. Chirchir and the subclass must recover from Defendants actual damages as well as a statutory penalty of $1,000 per violation, W. Va. Code § 46A-5-101, adjusted for inflation as provided by W. Va. Code §46A-5-106.

**COUNT IV — VIOLATIONS OF THE WVCCPA – UNFAIR OR DECEPTIVE ACTS OR PRACTICES**
*Individual and Subclass Claims*
(against all Defendants)

36. Dr. Chirchir incorporates the allegations of all preceding paragraphs as if fully set forth herein.

37. By their misrepresentations, Defendants unlawfully engaged in "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." W. VA. CODE § 46A-6-104.

38. "Unfair methods of competition and unfair or deceptive acts or practices" includes without limitation "[e]ngaging in any . . . conduct which . . . creates a likelihood of confusion or of misunderstanding" similar to that of other acts specifically described in the statute, *id.* § 46A-6-102(7)(L), and "[t]he act, use or employment by any person of any deception, fraud, false pretense, false promise or misrepresentation, or the concealment, suppression or omission of any material fact with intent that others rely upon such concealment, suppression or omission," done "in connection with the sale or advertisement of any goods or services, whether or not any person has in fact been misled, deceived or damaged thereby," *id.* § 46A-6-102(7)(M).

39. Consequently, Dr. Chirchir and the subclass must recover from Defendants the greater of their actual damages or $200.00, *see* W. VA. CODE § 46A-6-106(a).

7

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Dr. Habiba Chirchir prays that this honorable Court enter judgment for her and against Defendants, affording her the following relief:

a. Certify the claims of Dr. Chirchir and all other persons similarly situated as class action and subclass claims in accordance with Rule 23 of the Federal Rules of Civil Procedure;

b. Award Dr. Chirchir and the class their actual damages for all violations of the Homeowners Protection Act, as authorized by 12 U.S.C. § 4907(a)(1);

c. Award Dr. Chirchir her actual damages for all violations of the Real Estate Settlement Procedures Act, as authorized by 12 U.S.C. § 2605(f)(1)(A);

d. Award Dr. Chirchir and the subclass actual and statutory damages for all violations of the West Virginia Consumer Credit and Protection Act, as authorized by W. Va. Code §§ 46A-5-101, 46A-6-106(a), as adjusted for inflation pursuant to West Virginia Code § 46A-5-106, for each violation;

e. Award Dr. Chirchir and the class statutory damages in the maximum amount authorized by 12 U.S.C. § 4907(a)(2)(B)(ii);

f. Award Dr. Chirchir statutory damages in the maximum amount authorized by 12 U.S.C. § 2605(f)(1)(B);

g. Award Dr. Chirchir, the class, and the subclass their expenses of litigation, including attorney fees, court costs, and other fees as specified alternatively in 12 U.S.C. § 4907(a)(3), -(4); 12 U.S.C. § 2605(f)(3); and W. VA. CODE § 46A-5-104;

h. Award prejudgment interest to Dr. Chirchir, the class, and the subclass; and

i. Afford Dr. Chirchir, the class, and the subclass such other relief as the Court may, under the circumstances, deem just and proper.

DR. HABIBA CHIRCHIR, on behalf of herself and a similarly situated class of persons,

**PLAINTIFF DEMANDS TRIAL BY JURY**

By Counsel:

/s/ Jonathan R. Marshall
Jonathan R. Marshall (WVSB #10580)
jmarshall@baileyglasser.com
BAILEY & GLASSER LLP
209 Capitol Street
Charleston, WV 25301-2205
Telephone: (304) 345-6555
Facsimile: (304) 342-1110

Patricia M. Kipnis (WVSB #12896)
pkipnis@baileyglasser.com
BAILEY & GLASSER LLP
923 Haddonfield Road, Suite 300
Cherry Hill, NJ 08002
Telephone: (205) 906-1709

*Counsel for Plaintiff, the Putative Class, and the Putative Subclass*