IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

**HUNTINGTON DIVISION**

DR. HABIBA CHIRCHIR,
on behalf of herself and a similarly
situated class of persons,

        Plaintiff,

v.                               CIVIL ACTION NO.   3:20-0416

GENWORTH MORTGAGE INSURANCE CORPORATION;
GENWORTH MORTGAGE INSURANCE CORPORATION
OF NORTH CAROLINA; and
CITIZENS BANK, N.A. d/b/a Citizens One Home Loans,

        Defendants.

**MEMORNANDUM OPINION AND ORDER**

        Pending before the Court is a Motion to Stay Discovery filed by Defendants

Genworth Mortgage Insurance Corporation and Genworth Mortgage Insurance Corporation of

North Carolina (collectively referred to as Genworth) (ECF No. 37) and Defendant Citizens Bank,

N.A.'s Joinder of Genworth's Motion to Stay. ECF No. 41. Defendants request the Court stay the

proceedings while it decides their pending motions to dismiss. Plaintiff opposes the motion and

believes discovery should proceed. Upon consideration of the parties' arguments, the Court

**GRANTS** the motions and **STAYS** this action pending resolution of Defendants' pending motions

to dismiss.

        The parties agree that resolution of this issue is a discretionary matter for the Court.

*See Lattea v. Vanderbilt Mortg. & Fin., Inc.*, No. 3:19-CV-375, 2019 WL 5212909, at *1 (S.D.

W. Va. Oct. 16, 2019) (stating under Rule 26(c)(1) of the Federal Rules of Civil Procedure, "a

court can stay discovery pending the outcome of a dispositive motion" (citation omitted)). In ruling on such a motion, this Court shall "consider whether a motion to stay under Rule 26(c)(1) is warranted on a case-by-case basis because 'such an inquiry is necessarily fact-specific and depends on the particular circumstances and posture of each case.'" *Blankenship v. Trump*, No. 2:19-CV-549, 2020 WL 748874, at *2 (S.D. W. Va. Feb. 13, 2020) (quoting *Hachette Distrib., Inc. v. Hudson Cty. News Co.*, 136 F.R.D. 356, 358 (E.D. N.Y. 1991)). Factors this Court may consider include:

> (1) the type of motion, (2) whether the motion is a legal challenge or dispute over the sufficiency of allegations, (3) the nature and complexity of the action, (4) whether counterclaims and/or cross-claims have been interposed, (5) whether other parties agree to the stay, (6) the posture or stage of the litigation, (7) the expected extent of discovery in light of the number of parties and complexity of the issues in the case, (8) and any other relevant circumstances.

*Id*. (brackets, internal quotation marks, and citations omitted). Alternative factors include: "(1) the interests of judicial economy; (2) hardship and equity to the moving party if the action is not stayed; and (3) potential prejudice to the non-moving party." *Id*. (internal quotation marks and citations omitted).

In this case, the motions to stay are tied to Defendants' motions to dismiss. In such situations, this Court may take a preliminary peek at those motions and determine whether a stay is justified. In doing so, the Court finds that, with even a quick look, this putative class action will involve burdensome and expensive discovery, involving a manual review of nearly one million policies. A claim Plaintiff does not dispute. Although the Court is not prejudging the merits of Defendants' arguments for dismissal, the Court finds that, given the nature of Defendants' arguments for dismissal and the weight of discovery, a stay is appropriate to avoid the extreme

hardship continued discovery will have on Defendants in the event their motions to dismiss ultimately are granted. Therefore, this Court exercises its discretion and **GRANTS** Defendants' Motions to Stay and **STAYS** this action pending resolution of the Motions to Dismiss.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER:        March 8, 2021

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE